## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHELDON CRUMPLER AND NATASHA MCLAUGHLIN, | Civil Action No.: _____ |
| Plaintiff, v. | |
| CREDITORS SPECIALTY SERVICE INC.; CREDITORS SPECIALTY SERVICE OF NEVADA INC.; and NEIL C. EVANS, ESQ., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiffs, SHELDON CRUMPLER and NATASHA

MCLAUGHLIN, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

harassment of Plaintiffs by the Defendants and their agents in their illegal efforts to

collect a consumer debt.

2.      Further, Defendant negligently, knowingly, and/or willfully placed

automated calls to Plaintiff's cellular phone in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this

Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin.*

*Serv., LLC*, 132 S.Ct. 740 (2012).

4.      Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendants transacts business in the State of Nevada.

## PARTIES

5.      The Plaintiff, SHELDON CRUMPLER ("Mr. Crumpler"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      The Plaintiff, NATASHA MCLAUGHLIN ("Mrs. McLaughlin"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7.      Mr. Crumpler and Mrs. McLaughlin may collectively be referred to as "Plaintiffs" herein.

8.      Defendant CREDITORS SPECIALTY SERVICE INC. ("CSS"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). CSS's principal place of business is located in Lane County in the State of Oregon.

9.      Defendant CREDITORS SPECIALTY SERVICE OF NEVADA INC. ("CSS Nevada"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by

2

15 U.S.C. § 1692a(6).

10.    Defendant NEIL C. EVANS, Esq. ("Mr. Evans"), at all times herein was acting as a collector for CSS and/or CSS Nevada and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).   Mr. Evans is also an attorney licensed to practice law in the State of California with Bar No. 105669.

11.    Defendants CSS, CSS Nevada and Mr. Evans may collectively be referred to as the "Defendants" herein.

12.    Does 1-10 (the "Collectors") are individual collectors employed by the Defendants and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

13.    The Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

14.    Mr. Crumpler allegedly incurred a financial obligation (the "Debt") to Silver State Schools Credit Union (the "Creditor").

15.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

3

16.     The Debt was purchased, assigned or transferred to the Defendants for collection, or the Defendants were employed by the Creditor to collect the Debt.

17.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## B. Defendants Engage in Harassment and Abusive Tactics

### FACTS

18.     Defendants, within one year prior to the filing of this complaint, began contacting Plaintiff – Mr. Crumpler – via mail. See *Collection Letter from CSS*, attached hereto as "**Exhibit 1**".

19.     CSS dunned Mr. Crumpler so often that Mrs. McLaughlin – the Plaintiff's girlfriend – called CSS to have them cease the relentless dunning.

20.     To this end, Mrs. McLaughlin, called CSS from her cell phone ending "3480" to talk to the Defendants to stop the collection letters.

21.     Mrs. McLaughlin contacted CSS at the phone number listed on CSS's collections letters, 800-277-8660.

22.     Prior to calling the Defendants, Mrs. McLaughlin had no prior relationship with any of the Defendants.

23.     Mrs. McLaughlin never provided any of the Defendants consent to call her on her cell phone ***prior to or after*** the above referenced phone call.

24.     In fact, Mrs. McLaughlin never provided the Defendants her cell

phone number – *ever*.

25.     However, when Mrs. McLaughlin called CSS, CSS obtained Mrs. McLaughlin's cell phone number ending "3480" using some form of caller identification.

26.     CSS then stored Mrs. McLaughlin's phone number in the its collection software systems and began placing numerous collection calls to Mrs. McLaughlin's cell phone in an attempt to collect the Debt.

27.     Mrs. McLaughlin never owed the Debt.

28.     Notwithstanding that Mrs. McLaughlin did not owe the Debt, the Defendants called Mrs. McLaughlin's cell as many as ten (10) times per day to collect the Debt allegedly owed by Mr. Crumpler.

29.     Because of the frequency of the calls, Mrs. McLaughlin believes that CSS used some type of automated dialing system to place calls to her cell phone.

30.     Mrs. McLaughlin demanded the Defendants stop calling her to collect the Debt, but the Defendants persisted in calling Mrs. McLaughlin.

31.     Mrs. McLaughlin avers that these calls were extremely annoying, harassing, intrusive on her seclusion and abusive.

32.     The Defendants placed many of its calls from (661) 269-2931 to Mrs. McLaughlin's cell phone.

33.     Plaintiffs believe they received other calls from the Defendants

5

through "blocked" numbers as well.

34.     Until Mr. Crumpler was bombarded by numerous dunning collection letters from CSS, Mr. Crumpler was unaware of the Debt.

35.     Mr. Crumpler remains unaware of any lawsuits filed to the collect the Debt.

36.     Mr. Crumpler disputes that the Debt is owed or legally enforceable.

37.     Mr. Crumpler believes he was never served with a lawsuit to collect the Debt and is unaware of any pending legal action to enforce the Debt.

38.     However, in January 2014, Defendants called the Plaintiff's cell phone and left voice messages stating the following:

> **Voice Message #1**:
>
> "Hi Sheldon, Tim Fuller Creditor Specialty Service.  Uh very important uh looks like you called in.  Um I have your file on my desk, I put it aside when I talked to you the other day in regards to *stopping the withholding order*.  Look if you're interested in stopping this order I need a call back with that payment.  Everything has to be done over the phone, there is no mailing in.  *Your employer, your HR department will be in contact with you here shortly.   If you would like to avoid the withholding garnishment, I need a call back 800-277-8660 or you can call the Law Office where your file is being presented to you for the HR 877-679-8799 and that's the law office of Neal Evans.*  Uh, they'll go over everything with you if you would like to stop everything on this account immediately.  Please give us a call, thank you."

**Voice Message #2**:

Hi Sheldon, Tim Fuller Creditor Specialty Service, Silver State School Federal Credit Union.  Um, it's very important that I get a hold of you. *I need an update here with the Sheriff exactly what we're going to be doing.* Are you going to be taking care of the down payment and make a small monthly payment or are we putting this withholding order through that's assigned for judgment? 800-277-8660 I need a call back this evening very important, thank you." (emphasis added)

39.   As clear from the above voicemail messages, which have been saved on the Plaintiff's cellular phone, the Defendant engaged in the following illegal conduct:

- **Failing to disclose that it was calling to collect a debt or provide a "mini Miranda";**

- **Threatened garnishment ("withholding") of Plaintiff's wages with no intent or ability to do so;**

- **Made deceptive statements regarding actions it would take;**

- **Deceptively stated that the Defendant has a relationship with a "Sheriff";**

- **Deceptively stated that the Plaintiff's account would be "assigned for judgment".**

40.   Notably, the Plaintiff has never been garnished for this Debt as of the date of this complaint.

41.   Additionally, the above voicemails reference attorney "Neil Evans."

7

42.     Attorney Neil Evans is a member of the State Bar of California and has a Bar No. 105669.  (See link to State Bar of California as well at: http://members.calbar.ca.gov/fal/Member/Detail/105669).

43.     Mr. Evans represents CSS as its attorney.

44.     Mr. Evans collects debts on behalf of CSS.

45.     Upon information, belief and the Plaintiffs' inference from the above transcribed voice mails, Mr. Evans was acting as one of CSS's Collectors at all times herein and/or CSS was acting at Mr. Evans' direction in its above described illegal collection efforts.

46.     Upon information, belief and the Plaintiffs' inference from the above transcribed voice mails, CSS's communications were made with Mr. Evans' knowledge or instruction.

47.     Additionally, within one year prior to the filing of this complaint, CSS called the Plaintiff and spoke with Mrs. McLaughlin.

48.     During this conversation, CSS threatened that if the Debt was not paid Mr. Crumpler's wages would be *garnished*.

49.     CSS also threatened that if Mr. Crumpler did not immediately repay the Debt the Defendants would send a sheriff to his residence and have Mr. Crumpler "**ARRESTED!**"

50.     Specifically, CSS stated to Mrs. McLaughlin that "[CSS] **has a**

8

**warrant for [Mr. Crumpler's] arrest,**" and threatened to arrest Mr. Crumpler if the Debt was not repaid.

51.     This lawsuit results.

## C. Plaintiff Suffered Actual Damages

52.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants unlawful conduct.

53.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## D. Respondeat Superior Liability

54.     The acts and omissions of the Defendants, and the other debt collectors employed as agents by the Defendants who communicated or engaged in collection conduct with Plaintiff s as more further described herein, were committed within the time and space limits of their agency relationship with their principals: CSS, CSS Nevada and/or Mr. Evans.

55.     The acts and omissions by Defendants and these other debt collectors, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Defendants in collecting consumer debts.

56.     By committing these acts and omissions against Plaintiffs, the

Defendants and these other debt collectors were motivated to benefit their principal, the Defendants.

57.     The Defendants are therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiffs.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

58.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

59.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

60.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B)     to dial such numbers.

61.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior

express consent by the person being called, unless the call is for emergency purposes.

62.    According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

63.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

64.    Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

65.    Within the four years prior to filing this complaint, Defendant has repeatedly contacted Plaintiff, Mrs. McLaughlin, on her cellular telephone number ending "**3480**" using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

66.    The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

67.    Pursuant to the contract with her cellular service provider, Plaintiff is charged for incoming calls made to his cellular telephone.

68.    Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on her cellular telephone.

69.    Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

70.    Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS using a prerecorded voice.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

71.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendant failed to identify itself, or failed to state that the Defendant was confirming or correcting collection information when it contacted a third party in an attempt to collect a debt from the Plaintiff.

12

73.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendant contacted a third party in an attempt to collect a debt from the Plaintiff.

74.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted a third party more than once without request or consent to do so in an attempt to collect a debt from the Plaintiff.

75.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

76.     The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants used or threatened the use of violence or other criminal means to harm the Plaintiff or Plaintiff's property in connection with the collection of a debt.

77.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

78.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the Defendant's identity in connection with the collection of a debt.

79.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

80.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendant misrepresented that it was an attorney or misrepresented that its communications were from an attorney.

81.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants stated that non-payment of the debt would result in the Plaintiff's arrest or imprisonment or the seizure, garnishment or attachment of Plaintiff's property.

82.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

83.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants accused Plaintiff of committing criminal acts to disgrace the Plaintiff in an attempt to collect a debt.

84.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

85.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector".

86.     The Defendants' conduct violated 15 U.S.C. § 1692f in that

Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

87.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

88.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

89.     The Plaintiff is entitled to damages as a result of Defendants' violations.

90.     The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

91.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

92.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

15

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

93.     Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

94.     Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs.

95.     The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against the Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

96.     As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each Defendant.

### COUNT III
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

97.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

98.     Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without her prior express consent.

99.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

100.    As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

101.    Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**COUNT IV**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

102.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

103.    Defendant knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without her prior express consent.

104.    Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

105.    As a result of Defendant's knowing and/or willful violations of the

TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

106.   Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants awarding the Plaintiffs:

### **COUNT I.**

### **VIOLATIONS OF 15 U.S.C. § 1692**

1. for actual damages including, but not limited to, the emotional distress the Plaintiffs suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages;

4. for attorney's fees and costs of this suit; and

5. for any other and further relief that the Court may deem just and proper.

...

## COUNT II.

## <u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION</u>

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

## COUNT III
### <u>Negligent Violations of the Telephone Consumer Protection Act,</u>
### <u>47 U.S.C. § 227, *et seq.*</u>

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. An award of attorney's fees and costs to counsel for Plaintiff; and

4. Such other relief as the Court deems just and proper.

## COUNT IV
### <u>Willful Violations of the Telephone Consumer Protection Act,</u>
### <u>47 U.S.C. § 227, *et seq.*</u>

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

19

2.  Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

3.  An award of attorney's fees and costs to counsel for Plaintiff; and

4.  Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 23, 2014

Respectfully submitted,

By  /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*SHELDON CRUMPLER AND NATASHA MCLAUGHLIN*

# EXHIBIT 1

# CREDITORS SPECIALTY SERVICE INC.

P O BOX 764
ACTON, CA 93510
800-277-8660   FAX  877-857-3469

May 06, 2014

RE:        SILVER STATE SCHOOLS CREDIT
                                                                UNION

ACCOUNT NO.              5053-1

| | |
|---|---|
| PRINCIPAL AMOUNT: | $13,422.78 |
| INTEREST: | $9,869.60 |
| MISC FEES: | $5.00 |
| CURRENT BALANCE: | $23,297.38 |

Dear  Sheldon Crumpler,

## BE AWARE OF WHAT WE ARE DOING ON YOUR PAST DUE ACCOUNT

1.  We will report it to all credit bureaus by the end of the month as a collection account.

2.  We will have our attorney review it for a possible lawsuit.

3.  We will make payment arrangements.

## IT'S YOUR DECISION!

Sincerely,
Tim Fuller

Misc Fees may include attorney fees, court costs and/or other collection costs.

FOR YOUR CONVENIENCE THE FOLLOWING PAYMENT METHODS ARE AVAILABLE: CHECK BY PHONE, VISA, MASTERCARD, AMERICAN EXPRESS
DISCOVER CARD, OR PAY ON OUR WEBSITE WWW.CREDITORSSPECIALTYSERVICE.COM

This is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector. Unless you notify
this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If
you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail
you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the
name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances,
collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language.
Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at
work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to
confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at
1-877-FTC-HELP or www.ftc.gov.

PLEASE DETACH BOTTOM COUPON AND RETURN WITH PAYMENT                                                    19

P.O. Box 1901
Southgate, MI 48195-0901



Date: May 06, 2014

CSC/195053-1/19        325004168788        0000069/0002

Sheldon Crumpler
                                        ay
Las Vegas, NV 89130-1737

| TO PAY BY CREDIT CARD, |
|---|
| PLEASE COMPLETE |
| THIS SECTION |

| CARD NUMBER | CC-ID# | EXP. DATE | AMOUNT |
|---|---|---|---|

| CARD HOLDER NAME (please print) | | SIGNATURE | |

RE: SILVER STATE SCHOOLS CREDIT UNION
ACCOUNT NO.    053-1        CURRENT BALANCE $23,297.38
AMOUNT PAID $

CREDITORS SPECIALTY SERVICE INC.
P O BOX 764
ACTON, CA 93510

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA            )
                           ) ss
COUNTY OF CLARK            )

Plaintiff SHELDON CRUMPLER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


SHELDON CRUMPLER, Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA          )
                                   ) ss

COUNTY OF CLARK          )

Plaintiff NATASHA MCLAUGHLIN, having first been duly sworn and upon oath, deposes and says as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


NATASHA MCLAUGHLIN, Plaintiff